# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-0906V
### UNPUBLISHED

| | |
|---|---|
| DANA SHERROD,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 30, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On June 20, 2019, Dana Sherrod filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that an influenza ("flu") vaccine she received on September 25, 2017, caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. Petitioner further alleges that she suffered the residual effects of her injury for more than six months. Petition at 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 30, 2022, Respondent filed an Amended Rule 4(c) report (after I issued Findings of Fact on May 18, 2022, finding that Petitioner's left shoulder pain began within the 48-hour timeframe for her Table SIRVA claim) in which he states that he does not

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 2. Specifically, Respondent states that "[r]ecognizing that the Chief Special Master's factual finding that petitioner's left shoulder pain began within the forty-eight-hour timeframe for a Table claim is the law of the case, respondent advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters." *Id.* at 2. Respondent further agrees that "petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of pain occurred within forty-eight hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's left shoulder pain". *Id.* at 7. Respondent states that based on the record as it now stands, and subject to his right to appeal my factual finding, Respondent does not dispute that Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master