# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-0906V
UNPUBLISHED

|  |  |
|---|---|
| DANA SHERROD,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 3, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Olins, Maglio Christopher & Toale, PA,* Washington, DC, for Petitioner.

*James Vincent Lopez, U.S. Department of Justice,* Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 20, 2019, Dana Sherrod filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury as a result of an influenza vaccination she received on September 25, 2017. Petition at ¶¶ 18-19. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 30, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her left shoulder injury. ECF No. 37. On August 2, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $99,295.71 (comprised of $95,000.00 in pain and suffering and $4,295.71 in past unreimbursable expenses). Proffer at 1-2. In the Proffer, Respondent represented

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $99,295.71 (comprised of $95,000.00 in pain and suffering and $4,295.71 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____

DANA SHERROD,                    )
                                 )
            Petitioner,          )
                                 )     No. 19-906V
      v.                         )     Chief Special Master Brian H. Corcoran
                                 )     ECF
SECRETARY OF HEALTH AND          )
HUMAN SERVICES,                  )
                                 )
            Respondent.          )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 20, 2019, Dana Sherrod ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration

("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza

("flu") vaccine she received on September 25, 2017.  On June 30, 2022, respondent filed an

Amended Rule 4(c) Report electing not to defend this case and requesting a ruling on the record,

in light of the Findings of Fact by the Chief Special Master on May 18, 2022.  ECF Nos. 34, 36.

On June 30, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner

entitled to compensation.  ECF No. 37.

## I.     Items of Compensation

### A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $95,000.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,295.71.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $99,295.71, in the form of a check payable to petitioner.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Dana Sherrod:                **$99,295.71**[2]


                                          Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Principal Deputy Assistant Attorney General

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

[2]  The parties have no objection to the amount of the proffered award of damages.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's entitlement decision.

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

*/s James V. Lopez*
James V. Lopez
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3655
Fax: (202) 616-4310
Email: james.lopez@usdoj.gov

Date: August 2, 2022